UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KHRISTINA ZUNIGA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 2:17-CV-251-HAB ) |
| ANDREW SAUL, Commissioner of the Social Security Administration[1], | ) ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On July 2, 2019, the Court entered an Opinion and Order (ECF No. 32) affirming the denial of Plaintiff's application for supplemental security income. Nearly four months later, Plaintiff filed a Motion of Appeal (ECF No. 34), which the Court deemed a belated notice of appeal from the July 2, 2019, Opinion and Order. Rather than deny the Motion as untimely, the Court ordered Plaintiff to supplement her Motion to "address[] the relevant considerations" for determining whether Plaintiff had established excusable neglect for her belated filing. (ECF No. 35) Having reviewed Plaintiff's supplement (ECF No. 37) and the Defendant's Response (ECF No. 38), the Court concludes that Plaintiff's Motion must be denied.

It is undisputed that Plaintiff failed to comply with both the notice of appeal deadline set forth in Appellate Rule 4(a)(1)(B) and the extended deadline in Rule 4(a)(5)(A). However, "Rule 4(a) is not jurisdictional, but it *is* a mandatory claim-processing rule which means that it must be enforced if it is properly invoked." *Vergara v. City of Chi.*, 939 F.3d 882, 885 (7th Cir. 2019)

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

(citations omitted) (original emphasis). Therefore, Plaintiff must establish excusable neglect to proceed with her appeal, a standard for which "few circumstances will ordinarily qualify." *Satkar Hosp., Inc. v. Fox Tele. Holdings*, 767 F.3d 701, 706 (7th Cir. 2014). The standard "refers to the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Id*. (quoting *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133–34 (7th Cir. 1996)). In determining whether a movant has established excusable neglect, a district court must consider:

> relevant circumstances, including (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay (i.e., whether it was within the reasonable control of the movant); and (4) whether the movant acted in good faith.

*Id*. (citing *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012)). Most important among these factors is the reason for the delay. *Id*. at 707.

As Defendant rightly notes, Plaintiff's supplement provides the Court with little more information than her original Motion. The Court still has no information regarding "when Plaintiff became aware of this Court's Opinion and Order, the duration of her homelessness, or any efforts she has taken to pursue her appeal," ECF No. 35 at 3, all information that the Court expressly requested in its October 31, 2019, Order.

What the Court can gather from Plaintiff's filings is that Plaintiff was aware of the appeal deadline in this case. While Plaintiff blames her life circumstances for her failure to comply with that deadline, Plaintiff was able to obtain a favorable ruling in a separate Social Security application and hire an attorney to address a past eviction during the relevant time period. This indicates to the Court that Plaintiff simply allocated her limited resources to matters she deemed more pressing. Plaintiff's allocation may or may not have been reasonable, but it does not constitute excusable neglect for missing her appeal deadline in this case.

Accordingly, Plaintiff's Motion for Appeal is DENIED.

SO ORDERED on November 26, 2019.

                                                  s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT